IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ROHNRICO ARMAND BIRTFIELD,** § § § | |
| **Movant,** § § | |
| V. § § | NO. 3:23-CV-2870-X (NO. 3:21-CR-272-X) |
| **UNITED STATES OF AMERICA,** § § § | |
| **Respondent.** § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Rohnrico Armand Birtfield under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On July 8, 2021, Movant was named in a three-count superseding indictment charging him in count one with kidnapping, in violation of 18 U.S.C. § 1201(a)(1), in count two with illegal receipt of a firearm by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D), and in count three with possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). CR ECF No.[1] 6. Movant initially entered a plea of not guilty. CR ECF No. 20. He later signed a factual resume, CR ECF No. 41, and a plea agreement. CR ECF No. 42. The plea agreement reflected that: Movant agreed to plead

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket of the underlying criminal case, No. 3:21-CR-272-X.

guilty to count one of the superseding indictment; he faced a sentence of up to life imprisonment; the parties agreed to a sentencing range of 70–87 months; the government would not bring any additional charges based on the conduct underlying and related to the guilty plea and would dismiss the remaining counts of the indictment and superseding indictment; the plea was freely and voluntarily made and was not the result of force, threats, or promises; Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances; and, that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation provided. *Id.* The factual resume set out the elements of count one of the superseding indictment and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 41. At rearraignment Movant testified under oath to the facts establishing that his plea was knowing, voluntary, and intelligently made. CR ECF No. 64.

At sentencing, Movant's counsel very thoroughly argued for a sentence at the low end of the agreed range. CR ECF No. 65 at 12–23. The Court then turned to Movant's allocution, stating: "I would love to hear anything you want to say, Mr. Birtfield." *Id.* at 24. Movant repeatedly stated that he was sorry for what he did. He "just want[ed] to do [his] time and go back home to [his] family safe." *Id.* "That is basically it." *Id.* His attorney stated, "Thank you, your Honor," and the Court thanked Movant for speaking. *Id.* The Court sentenced Movant to a term of imprisonment of 83 months. CR ECF No. 59. Movant appealed, CR ECF No. 61, although having waived the right to do so. CR ECF No. 42, ¶ 13. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and was allowed to withdraw. The United States Court of Appeals for the

Fifth Circuit dismissed the appeal as presenting no nonfrivolous issue. *United States v. Birtfield*, No. 22-11153, 2023 WL 4079987 (5th Cir. June 20, 2023).

## II.     GROUND OF THE MOTION

Movant urges one ground in support of his motion, contending that the Court denied him the right to allocution. ECF No.[2] 1 at 4. Movant also urged that he was entitled to certain time credits, but that matter is being addressed by separate civil action under 28 U.S.C. § 2241. ECF No. 3.

## III.     28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV. ANALYSIS

In support of his motion, Movant alleges that he did not have a proper allocution, but rather an acceptance of responsibility hearing. He contends that if he had been afforded proper allocution, he "would have had a much more mitigating sentence." ECF No. 1 at 4. He does not explain what more he might have told the Court or how such information would have made any difference. In his reply, Movant appears to allege that he received ineffective assistance of counsel because the issue was not raised on appeal, ECF No. 10, but that claim comes too late. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (movant has no right to amend without leave after the government files its response to a 2255 motion); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) (same; issues not properly raised will not be considered). It is without merit in any event.

The contention that Movant was denied allocution is belied by the record. The sentencing transcript reflects that after counsel made his extensive presentation regarding sentencing, he told the Court that, "We can turn to Mr. Birtfield's allocution." CR ECF No. 65 at 24. The Court then invited Movant to say "anything you want to say, Mr. Birtfield." *Id.* Movant responded:

> Yeah, your Honor. I'm sorry for - - I'm sorry for the trouble that I committed. I'm sorry for kidnapping Otesha. I'm sorry for what I did. I'm sorry for what I did. I'm sorry for what happened. I'm sorry for committing the crime. I just want to do my time and go back home to my family safe, sir.
>
> That is basically it.

4

*Id.* The Court communicated unequivocally that Movant had the right to allocute and say anything he wanted to say. *United States v. Magwood*, 445 F.3d 826, 829 (5th Cir. 2006); *United Staes v. Dickson*, 712 F.2d 952, 956 (5th Cir. 1983). That Movant offered nothing more is not the fault of the Court or counsel.

As the government notes, Movant's claim is foreclosed by the waiver in his plea agreement. CR ECF No. 42, ¶ 13. The waiver was knowing and voluntary and is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Heredia*, 68 F.3d 468, 1995 WL 581683, at *1–2 (5th Cir. 1995). In addition, this ground is procedurally barred inasmuch as a collateral challenge may not do service for an appeal. *Shaid*, 937 F.2d at 231. Movant has not shown cause and prejudice to be entitled to proceed. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Contrary to his allegations, he was not denied the right to appeal.

## V. CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED on this 10th day** of **June, 2024**.

_____
**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**